O’Neall, J.
It appears that Thomas W. Price was arrested by the sheriff of Charleston under a ca: sa., at the suit of Philip Moore and others ; that he filed his petition for the benefit of the Insolvent Debtor’s Act, with a schedule of his whole estate and effects, in which was included the bond on the defendant’s intestate. That he was ordered to be discharged, on executing the usual assignment, and that B. H. Hunt, John White, and Dr. Burgoyne were-appointed the assignees; the latter declined to act. Price did not execute the assignment, from some mistake or omission of the clerk, but was discharged. He is dead and insolvent. The bill is against the defendants, as administrator and- ad- *130 ministratrix of the intestate, Trescott, for the payment of his bond, which the plaintiffs have in their possession. The defendants demurred to the bill, and amongst other causes, they insist, that the administrator or other legal representative of Thomas W. Price, should be a party. The Chancelor [Johnston] sustained the demurrer on this ^ground, and the question now is, whether such a party is necessary.
The case stated in the bill, makes out an equitable assignment of the chose in action, now the subject of controversy. The second section of the Insolvent Debtor’s Act, after directing the manner in which the Court shall order the assignment, to be made “by a short indorsement on the back of his or her petition, signed by the petitioner,” &c., provides, “and by such assignment, the estate interest and property, of the lands, goods, and effects so assigned, shall be vested in the persons to whom such assignment is made, who may take possession of, or sue for the same, in his or their own name or names, in like manner as assignees in commissions of bankruptcies, can or lawfully may do, by the laws or statutes of Great Britain.” P. L. 248.
To have passed a legal right to the bond to the plaintiffs, and to have enabled them to sue on it at law in their own names, it was necessary that the assignment should have been executed according to the act. This constitutes their only legal title, and not being able to make it out, there is, of course, no assignment of the bond at law. But, in equity, the facts, that the formal execution of the assignment was omitted by mistake, that the insolvent was ordered to be discharged on the condition that he should make it, that he has the full benefit of the order, and that he delivered the bond to the assignees appointed by the Court, constitute a good equitable assignment. But can the equitable assignment be set up and decreed upon, until the assignor, or his representative, if he be dead, is a party ? I am satisfied it cannot. It may be admitted, as the law certainly is, that neither at law nor in equity, would a payment or release by the obligee of the bond, be good as against the equitable assignment, after notice of the assignment to the obligor: Leigh v. Leigh, 1 Bos. & Pul. 447, Baldwin v. Billingstry, 2 Vern. 539: so, too, the bond would not, after such an assignment, pass under a commission of bankruptcy, Winch v. Kesley, 6 T. R. 619. But still these positions do not conclude the question. They only show, that the equitable rights of the assignee, be PreserveJ *both at law and in equity, against the fraud and combination of the obligor and obligee. At law, the bond must have been sued in the name of the obligee or his legal representative, the legal interest being in him; and yet, there he is regarded as suing for the benefit of the assignee, and a payment to, or release by him, after notice, would be adjudged void. In equity the assignor must be a party, as was ruled in the case of Cathcart v. Lewis, 1 Ves. jr. 463. That was a bill by the assignee of a judgment; the Lord Chancellor held, that the assignor was a necessary party. The reason of the rule appears to be, that no decree can be given upon the equitable title, until the legal one is before the Court. The proof to establish the assignment cannot be heard, until he, who is thereby to be deprived of the legal interest, is legally a party. For, however improbable it may be, yet we must regard it as possible, that he may show cause why he should not be divested of it.
H. A. De Saussure and Pettigru, for the plaintiffs.
In this case it might be said, how is it known that Price has not paid the debts, and if this be so, he or his representative would be entitled to receive payment of the bond, instead of the assignees. This is, it is true, a mere possibility which I am sure will not turn out to be true in this case, but this case is to constitute a precedent for future cases, in which, instead of being conjecture, it may be fact, and hence here, as in the case which may occur, the assignor or his representative, must be a party. I admit the rule, that when the legal estate or interest is represented by one or more parties before the Court, that it is not in all cases necessary that every one having an interest shall be a party. As in the case of the executors of Brashers v. Van Courtland, 2 J. C. R. 247, where the committee of a lunatic were made parties, it dispensed with the necessity of making the lunatic a party ; for they were, in equity, his proper representatives, and alone entitled to be heard in defence of his rights. So in the case of Cockburn v. Thomson, 16 Ves. 321, where a bill was filed by several .persons on the behalf of themselves and all others, proprietors of the Philanthropic Association, it was held that the non-joinder of some of the proprietors would not prevent the Court from giving relief to the ^parties before it. In that case all had an interest in the dispute, yet any one was the representative of the entire legal interest. But I am not aware of any case in which the Court of Equity has given relief upon the equitable title or interest, where the party in whom the legal title or interest was, was not a party.
It is ordered and decreed, that the Chancellor’s decree sustaining the demurrer, be affirmed, and that the complainants have leave to amend their bill, by making the administrator or executor of Thomas W. Price, deceased, a party, complainant or defendant, as they may think proper— the costs of the demurrer and amendment to abide the event of the cause.
Johnson, J., concurred.
Harper, J., absent.